(9 App. Div. 621)

### CORCORAN v. ULSTER & D. R. CO.

(Supreme Court, Appellate Division, Third Department. September 29, 1896.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.

A verdict for $1,000 for personal injuries is excessive where the only evidence as to the extent of the injuries was that of plaintiff, who stated that her ankle was sprained, in consequence of which she was prevented for five or six weeks from following her occupation of dressmaker; that she consulted a physician, and paid out between $5 and $10 for medicines; that she was rendered extremely nervous; and that her ankle at the time of the trial, three years after the accident, still troubled her.

Appeal from circuit court, Ulster county.

Action by Annie L. Corcoran against the Ulster & Delaware Railroad Company for personal injuries. A verdict for $1,000 was rendered in favor of plaintiff, and from the judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals. Reversed, unless plaintiff remit part of verdict.

While plaintiff was crossing defendant's tracks in a wagon driven by another, an engine standing near the crossing began to move, and came in contact with the wagon. Plaintiff jumped from the wagon, and sprained her ankle. The accident occurred September 7, 1892, and the action was tried June 13, 1895. Plaintiff testified as to the injuries sustained by her, as follows: "I was terribly frightened and nervous, and I knew that, and I injured my ankle. I feel the effects of the injury to my ankle yet. I consulted a physician. He put me in the wagon, and wanted to drive the horse. I was frightened, and did not want to go into the wagon. * * * I must have been prevented from business for five or six weeks. I remember perfectly in October, the week beginning the 12th, I was trying to walk; got out at the time to stand on it. That was about the first time. That was the week beginning October 12th. That was the first I began to walk on my foot with any degree of comfort. I have been lame since Sunday. I have to go to the druggist's quite frequently. Easter week I was in the house a week with that same ankle. I was never troubled with it before this accident. I have felt, besides my ankle, nervousness,—extreme nervousness,—particularly

while riding. * * * I paid out for medicines and liniment to apply on the leg between five and ten dollars, I would suppose. I feel the effects yet. I have been real lame since Sunday, because I am not accustomed to walking. When I walk any distance I feel it. I cannot walk with the same degree of freeness as I did before this thing occurred."

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

H. C. Soop (A. T. Clearwater, of counsel), for appellant.
Brinnier & Newcomb, for respondent.

PER CURIAM. There was, perhaps, sufficient evidence, though slight, upon the question of negligence on the part of the defendant, and the lack of contributory negligence on the part of the plaintiff, to warrant the submission of those questions to the jury. We are not, however, satisfied that the evidence shows any such injury to the plaintiff as warranted the jury in awarding her the sum of $1,000 as compensation therefor. We do not feel disposed to enter upon the discussion of the evidence in relation to her injuries, and the loss occasioned to her thereby. It would, perhaps, be hardly fair to the plaintiff to do so in the event of there being a new trial. We think the verdict should be set aside as excessive, and a new trial granted, unless the plaintiff, within 30 days after service of a copy of the order embodying this decision, stipulates to reduce the amount of the damages to the sum of $500, in which event the judgment, as so modified, should be affirmed, without costs of this appeal to either party.